Eastern Dist. *May,* 1835.

PALFREY
*vs.*
HIS CREDITORS.

English language: it must be reduced to writing and signed by the foreman, in that language.

---

## PALFREY *vs.* HIS CREDITORS.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where the payment of a note, executed by a commercial firm, is secured by mortgage which stipulates to secure the endorsee, not only on the original note, but for any renewals that may take place, and the renewal is made in the individual name of the liquidator of the firm : *Held,* that the debt is not novated or the mortgage released, but that the transferee and endorsee of the mortgage and note, can recover and enforce payment against the mortgaged premises.

The renewal of a note secured by mortgage, does not novate the original note and debt, so as to extinguish its release and the mortgage as its accessory, when a renewal is provided for in the mortgage, even if it be renewed in a different name, but proven to be the same debt.

This case comes before the court on an opposition filed by the Bank of Louisiana, to the tableau of distribution of the

funds of the estate of the plaintiff by the syndics of his creditors. The counsel for the bank alleges, that it is not placed on the tableau as a mortgaged creditor for the sum of sixteen hundred and twenty dollars, being the amount of a note executed by H. W. Palfrey, and endorsed by L. Lesassier, and secured by a mortgage on certain slaves. The opposition alleges, these slaves have been sold by the syndics and the proceeds passed to the credit of L. Millaudon and the United States Bank. The counsel for the bank prays that the tableau be amended, so as to allow its claim and mortgage.

The original debt was due on a note executed by Palfrey, Dyson & Co. It was afterwards renewed by Palfrey giving his own note as liquidator of the partnership, with L. Lesassier as endorser, who had been secured by a mortgage on the slaves in question. The mortgage extended and expressly provided for renewals of this note; and the one presented by the opponents is shown to be a renewal of the original one, and held by the bank as endorsee, to which corporation Lesassier assigned the mortgage.

The district judge was of opinion, there was no force in the objection that the debt was originally due by Palfrey, Dyson & Co., and the note now signed by Palfrey alone. The tableau was amended, so as to admit the bank as a privileged creditor on the proceeds of the mortgaged slaves, for the amount of its claim and interest. Millaudon, whose interests as a creditor were affected by this judgment, appealed.

*J. Slidell*, for the appellants.

1. The mortgage was originally given to secure various debts of Palfrey, Dyson & Co., for which Lesassier was security. These debts have been paid and extinguished. Another obligation, viz: that of Palfrey individually, was subtituted; this constituted a novation. *La. Code, art.* 2181, 2185. 1 *La. Reports*, 527, *Morgan* vs. *His Creditors.*

2. The mortgage did not attach in favor of the new obligation, an express reservation to that effect not having been

EASTERN DIST.  made either by Lesassier or the Bank of Louisiana. *La. Code*,
*May*, 1835.    2191.   The original debt having been extinguished, the
PALFREY       mortgage ceased to exist. *La. Code*, 3252.
vs.
HIS CREDITORS.   3. The District Court erred in admiting parole testimony,
to show that the note held by the Bank of Louisiana was in
renewal of a note of Palfrey, Dyson & Co. ; the bill of excep-
tions to the admission of that testimony is as well taken.
*La. Code*, 3272.

*Peirce, Conrad and Preston*, for the appellees.

*Mathews, J.*, delivered the opinion of the court.

In this case the bank claims a preference and privilege on
the proceeds of the sale of certain slaves, which were sold by
the syndics of the insolvent, &c.   This claim was allowed
by the court below, from which Millaudon, who appears
to be a creditor to a large amount, appealed.

The claim of the bank is founded on a transfer to that
corporation, of a mortgage made by the insolvent to Louis
Lesassier, to secure the latter against loss or damage, which

Where the payment of a note, executed by a commercial firm, is secured by mortgage, which stipulates to secure the endorsee, not only on the original note, but for any renewals that may take place, and the renewal is made in the individual name of the liquidator of the firm: *Held*, that the debt is not novated or the mortgage released, but that the transferree and endorsee of the mortgage and note can recover and enforce payment against the mortgaged premises.

he was liable to suffer in consequence (amongst other
obligations assumed in favor of Palfrey, Dyson & Co.)
of endorsing certain notes, for the use and benefit of that
firm.   The act of hypothecation embraced other property
besides the slaves now in question, but the right secured on
these only, was transferred to the appellees.   The mortgage
purports to secure the endorser, not only in relation to the
notes given at the time of making it, but also for any
renewals that might be made of these notes.   Palfrey,
Dyson & Co. dissolved partnership previous to the failure
of the head of the firm, who was appointed liquidator
of its concerns, and in that capacity he executed the note,
(about which the present contest arises) in renewal of one
which had been given in the name of the company, and to
which the mortgage directly attached.

The objections raised against the pretensions of the Bank
are based on the supposition of novation as to the first note,
and consequent extinguishment of the debt for which the

mortgage was given, and as a corollary, the extinguishment of that act itself, being only an accessory which could not survive the principal obligation.

These objections would perhaps be well founded and ought to prevail, were it not that the act of mortgage provides a security in favor of the endorsee, in the event of renewals. The same parties to the hypothecation continued throughout this entire transaction, and had the parties to the note remained precisely the same, no question in relation to the continued validity of the whole contract could possibly have arisen.

After the dissolution of the partnership, it is in evidence that Palfrey acted for the firm, in liquidating its concerns. Whether, in his capacity as liquidator, he could have renewed a note so as to bind his partners, is a question not involved in the present case, they not being parties to this suit. Bound *in solido*, the debt may be considered *quo ad* the creditors, as entirely his own ; and the testimony of Colson proves the note, on which the appellees claim, to have been made in renewal of that which was directly secured by the mortgage. This testimony, it is true, was excepted to, but we do not consider the objections legally substantial. The facts disclosed do not tend to alter the substance and nature of the contract ; they have a tendency merely to show its origin and nature.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, at the costs of the appellant.

EASTERN DIST.
*May*, 1835.

PALFREY
*vs.*
HIS CREDITORS.

The renewal of a note secured by mortgage, does not novate the original note and debt, so as to extinguish it and release the mortgage as its accessory, when a renewal is provided for in the mortgage, even if it be made in a different name, but proven to be the same debt.