ANNA M. LINTON, for herself, and as Tutrix of her minor children, v. JAMES PURDON and another.

A mortgage may be executed for endorsements previously made, and it will have effect as to any notes or bills given in renewal of those originally endorsed by the mortgagee; but the amount of the endorsements must be expressed in the act, that third persons may have notice. C. C. 3259, 3277.

Arts. 3259 and 3277 of the Civil Code, are not inconsistent with each other. The former provides that a mortgage may be given for an obligation not yet in existence,

while the latter requires that the amount for which it is given shall be expressed in the act.

APPEAL from the District Court of the First District, *Buchanan, J.*

*L. C. Duncan*, for the appellant.

*Durell* and *Canon* for the defendants and intervenors.

·SIMON, J. The plaintiff, as widow of John Linton deceased, and heretofore in community with him, and as natural tutrix of his children and heirs, seeks to recover the amount of sundry promissory notes, drawn by the defendants, and which she alleges that she has been compelled to pay, as the endorser thereof. She states that her endorsements on the notes sued on, were procured to the defendants in lieu of those of her deceased husband, who had, during his life time, endorsed bills and notes for said defendants to a large amount, and that soon after the death of her said husband, she was applied to by the defendants for the continuance and renewal of John Linton's endorsements, which she consented to, in consequence of the representations of said defendants and for the reasons mentioned in her petition. She further represents that her husband died on the 27th of August, 1834; that on the 9th of July previous, a certain act of mortgage on certain property, was executed by defendants before a notary public, in favor of said John Linton, in which it was recited, that : " *Whereas the said Linton had, from motives of friendship, and for the sole use and benefit of the mortgagors, already endorsed for them to the amount of —— ; and whereas the said Linton, might, within the twelve months succeeding the date of the act, make further endorsements for the accommodation and benefit of the mortgagors, to the amount of* $30,000, *etc.*" She alleges that the notes sued on as by her endorsed in renewal of those endorsed by her husband, are secured by the said mortgage, and ought to be paid by privilege and preference over and above all other creditors of the defendants, out of the proceeds of the sale of the mortgaged property ; that as widow and natural tutrix she became subrogated in law to all the rights and claims of her husband, under the said act of mortgage ; and she prays that judgment may be rendered accordingly.

The defendants answered separately ; one of them admit-

ting the legitimacy of the plaintiff's claim, and the correctness of her allegations; and the other acknowledging his being indebted to the plaintiff in about two-thirds of the sum claimed, but denying the mortgage.

One of the defendants' creditors, who had caused a part of the property described in Linton's act of mortgage to be seized and sold to satisfy his claim, and the purchaser of the said property at the marshall's sale, intervened, and opposed the plaintiff's demand on divers grounds, denying the endorsements, etc.; and averring that the deed of mortgage does not state the sum for which previous endorsements had been given, and that said mortgage is null for want of certainty.

Judgment was rendered below in favor of the plaintiff, against the defendants, *in solido,* for the sum of $5737 03; but it was also ordered that the mortgage granted by said defendants in favor of John Linton, should be erased from the records of the Recorder of Mortgages; and from this judgment the plaintiff has appealed.

The stipulations contained in the act of mortgage under consideration, were inserted with two objects: 1st, to secure endorsemants, *already existing* at the date of the act, the amount whereof has been left *blank;* and 2d, to secure endorsements to be furnished *in futuro,* to the amount of $30,000. It is not pretended that John Linton ever endorsed any bill or note for the defendants, after the date of the act; nay, it is admitted in the pleadings by the plaintiff, that the endorsements which she gave after the death of her husband, were to renew those which had been furnished by him previous to the execution of the mortgase; and, if it be true, that the endorsements declared upon in the petition, were a continuation of those of the deceased, it is clear that they must be comprised among those provided for as already existing, and of which the amount is not expressed in the act of mortgage.

Now, it is true we have often held that a mortgage may be given and received as security for endorsements previously made (4 La. 247); and that it shall have its effect for any renewals that may take place subsequently of the original notes or bills endorsed by the mortgagee. 8 La. 276, 531. But we

think that in order to make such mortgage valid and binding, it is necessary that the amount of such endorsements, and particularly of those acknowledged *as already existing*, should be expressed in the deed. Art. 3277 of the Civil Code, says in positive terms, that "to render a conventional mortgage valid, it is necessary that *the exact sum for which it is given, shall be declared in the act.*" This provision was clearly enacted for the purpose of giving notice to third persons of the amounts for which conventional mortgages may have been given, and, like all other formalities prescribed for the execution of mortgages and for their publicity, this requisite of the law cannot be dispensed with. It is of the greatest importance to the mortgagor's other and subsequent creditors, to know the amount of the previous mortgages existing on his property; and as the law, positive in its terms, does not recognize any validity in such mortgages, unless the amount be specified in the act, we must conclude that, even admitting the allegations of payment, subrogation, &c., contained in the plaintiff's petition, to be well founded and supported by the evidence, the mortgage which she seeks to enforce is invalid and illegal, and cannot have any effect, particularly against third persons who may have acquired subsequent rights on the debtor's property.

Art. 3259 of the same Code, relied on by plaintiff's counsel, and which permits a mortgage to be given for an obligation not yet existing, has no application to the point in issue as arising from the first object of the mortgage under consideration; but be this as it may, it does not dispense with the declaration of the amount of the future obligation thereby contracted. Such amount may be easily ascertained previous to the execution of the act; and we agree with the judge *a quo* in the opinion, that nothing is easier than to construe the two articles so as to give effect to both. They were enacted for different and distinct purposes. By art. 3259, a mortgage may be given for the security of future endorsements; and by art. 3277, the amount of such endorsements must be expressed. It is clear there is no discrepancy in the two provisions.

*Judgment affirmed.*